UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:16-14354- ROSENBERG/LYNCH

122LX, LLC, A DELAWARE LIMITED LIABILITY COMPANY,

    PLAINTIFF,

VS.

SPECTRA JET, INC., AN OHIO CORPORATION AND THE ST. LUCIE COUNTY SHERIFF'S OFFICE,

    DEFENDANTS.

## DEFENDANT, SPECTRA JET, INC.'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(7) and RULE 19(b)

Now comes the Defendant, Spectra Jet, Inc. (Spectra or Spectra Jet), by and through undersigned counsel, and hereby moves this Honorable Court to dismiss the above-named action pursuant to Rule 12(b)(7) and Rule 19(b) of the Federal Rules of Civil Procedure. Caliber Jet, LLC, Caliber Jet Charter, LLC, John Depalma, and Nathan Raciborski are necessary and indispensable parties that must be named as plaintiffs pursuant to Rule 19(a)(1)(A) because in their absence, the court cannot accord complete relief among the existing parties. Further, under Rule 19(1)(a)(B)(ii), those entities or persons claim an interest relating to the subject of the action and are so situated that disposing of the action without the entities or persons named may leave Spectra Jet subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. However, to name these entities and persons, the diversity requirement that bounds this case to the United States Southern District Court

of Florida would be destroyed and pursuant to Rule 19(b), when joinder is not feasible, the action should be dismissed.

**WHEREFORE**, Defendant, Spectra Jet, moves this Court to dismiss the above-captioned matter because necessary and indispensable parties are not feasible to joined in this matter.

A memorandum in support is enclosed herein.

DATED: September 5, 2016

Respectfully submitted,

_____
W. Vincent Rakestraw (120410)
4930 Reed Road Ste. 200
Columbus, OH 43220
(614) 457-7700
Fax: (614) 457-7878
vrakestraw@aol.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the forgoing was served upon the following parties, via regular U.S. Mail, or electronic mail, on this the 5th day of September, 2016.

St. Lucie County Sheriff's Office
4700 W. Midway Road
Ft. Pierce, FL. 34981

Berger Singerman, LLP
Jonathan F. Claussen
One Town Center Road, Suite 301
Boca Raton, FL. 33486

_____
W. Vincent Rakestraw (120410)

## MEMORANDUM IN SUPPORT

### A. INTRODUCTION

Caliber Jet, LLC, is an Ohio Limited Liability Company that was formed and incorporated on November 19, 2010. *See Exhibit A.* Caliber Jet, LLC was then transferred and incorporated in Arizona on November 08, 2013. *See Exhibit B.* Caliber Jet Charter, LLC is an Arizona Limited Liability Company that was formed and incorporated on February 16, 2010. *See Exhibit C.* Nathan Raciborski is or was a managing member for each Caliber Jet, LLC, and Caliber Jet Charter, LLC as well as the "owner" of 122LX, LLC. *See Exhibit A, B, C, and D.* Further, Mr. Raciborski is a resident of Wyoming, and has a domicile of Wyoming for legal purposes. *See Exhibit D.* John Depalma is a managing member for each Caliber Jet, and Caliber Jet Charter, LLC and 122LX, LLC, *See Exhibit A, B, C, and D.* John Depalma is a resident of Ohio, and has a domicile of Ohio for legal purposes. *See Exhibit D.*

Rule 19(a)(1)(A) and (B)(ii) of the Federal Rules of Civil Procedure requires that "a person who is subject to service of process and whose joiner will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

Applying Rule 19, it would be imperative to join Caliber Jet, LLC, Caliber Charter Jet, LLC, John Depalma, and Nathan Raciborski as party-plaintiff's because in their absence the court cannot accord complete relief among existing parties. Spectra Jet has valid and

substantial fraud and unjust enrichment claims against those parties, and without being named in the suit, Spectra Jet would be estopped from the asserting those claims.

Moreover, Caliber Jet, LLC, Caliber Charter Jet, LLC, John Depalma, and Nathan Raciborski have an interest relating to the subject of the action and are so situated that disposing of the action in their absence may leave Spectra Jet subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Caliber Jet, LLC and Caliber Charter Jet, LLC were the "managing" entities for N122LX, and were responsible for the day-to-day operations for the plane. John Depalma, as manager and Director of Operations, was the individual responsible for overseeing the operations for N122LX and controlled Caliber Jet, LLC, and Caliber Charter Jet, LLC. Nathan Raciborski, as a member of Caliber Jet, LLC and Caliber Charter Jet, LLC and the "owner" of 122LX, LLC would be a necessary party because his interest in 122LX, LLC would be a concurrent interest in the present action. By failing to name those entities or parties, Spectra Jet is subject to a substantial risk of incurring inconsistent obligations; mainly, they would be estopped from asserting valid claims and would have to forgo the opportunity to assert those claims against the proper parties.

However, by joining those parties, the Court would be deprived of subject-matter jurisdiction because there would not be complete diversity between the parties. Therefore, it would be the responsibility of the Court, pursuant to Rule 12(b)(7) and Rule (19)(b), to determine whether, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." It is the Defendant, Spectra Jet's, position that the case should be dismissed because substantial claims of fraud, and unjust enrichment could not be brought against the current named party of 122LX, LLC.

Moreover, John Delpama is already a key witness in this action, so naming him as a party only seems reasonable. Finally, Caliber Jet, LLC, Caliber Jet Charter, LLC, and Nathan Raciborski have been identified by the Plaintiff as having information and/or knowledge surrounding the plane and the various transactions and Caliber Jet, LLC was an initial Defendant in the Ohio matter. Therefore, for a just and fair adjudication of the matters related to this case, it would be imperative, and necessary for Caliber Jet, LLC, Caliber Jet Charter, LLC, John Depalma, and Nathan Raciborski to be joined as parties, but since that is not feasible this action must be dismissed.

B. FACTS

The Court is well versed in the facts of this dispute, so the facts will be omitted in this Motion. However, the Defendant would like to submit the fact that the airplane, N122LX, resided in the same hanger it was stored in after the seizure for almost a week after the order from the preliminary injunction hearing that directed the plane be moved to another hanger. This is interesting to note because the condition of the plane and the storage location were the main contention for the hearing and postponement of the sale.

C. LAW AND ARGUMENT

Rule 12(b)(7) of the Federal Rules of Civil Procedure states "every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (7) failure to join a party under Rule 19." "A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Rule 19(a)(1)(A) and (B)(ii) of the Federal Rules of Civil Procedure requires that "a person who is subject to service of process and whose joiner will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in

that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

Upon a motion pursuant to R. 12(b)(7) and R. 19, "the moving party bears the burden of demonstrating that absent persons [or entities] must be joined to facilitate a just adjudication. "*Sina v. Dillworth (Ginn-La St. Lucie, Ltd.),* 420 B.R. 598, 604-05, 2009 Bankr. LEXIS 3697 (citing *Pettiford v. City of Greensboro*, 556 F. Supp.2d 512, 516 (M.D.N.C. 2008) (*citing Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005)). This burden also requires more than a mere hypothesis that an unjoined party exists, but it rather requires an "initial appraisal of the facts" to determine the existence of an arguably indispensable unjoined party." *Sina*, 420 B.R. at 605 (citing *Boles v. Greeneville Housing Auth.,* 468 F.2d 476, 478 (6th Cir. 1972). "Where an initial appraisal of the facts reveals the possibility that an unjoined party is arguably indispensable, the burden devolves upon the party whose interests are adverse to the unjoined party to negate the unjoined party's indispensability to the satisfaction of the court. A failure to meet this burden results in the necessity of either joinder or dismissal." *Boles*, 468 F.2d at 478.

Here, upon an initial appraisal of the facts, and the claims raised in the Plaintiff's Complaint, and Memorandum of Law in Support of Amended Emergency Motion for Preliminary Injunction there is an existence of indispensable unjoined parties. The Plaintiff mentions on numerous occasions, in the Complaint, or Memo, that Caliber Jet Charter,

LLC operates and manages the Jet, 122LX; that John Depalma is "the manager and Director of Operations of Caliber Jet, LLC"; that Caliber Jet Charter LLC is owed "50% by [John Depalma], and 50% by Nathan Raciborski"; that Caliber Jet was previously in the business of managing the aircraft. . . and is owned by Nathan Raciborski"; that John Depalma is "the manager of 122LX, LLC"; that Caliber Jet Charter is the "management company that has contracted to manage the operation of the Jet." These facts presented by the Plaintiff demonstrate that those parties and/or entities are essential to this matter in order for a just adjudication because either they claim an interest in the plane, or have essential knowledge and information surrounding the facts and/or merits of the case.

By excluding these essential parties, and entities, Spectra Jet would be deprived of a just adjudication on the merits. Caliber Jet, LLC, Caliber Charter Jet, LLC, John Depalma, and Nathan Raciborski must be named as party-plaintiff's because in their absence the court cannot accord complete relief among existing parties. Spectra Jet has valid and substantial claims of fraud and unjust enrichment against those parties, and without being named in the suit, Spectra Jet would be estopped from bringing those claims.

Therefore, for a just and fair adjudication of the matters related to this case, it would be imperative, and necessary for Caliber Jet, LLC, Caliber Jet Charter, LLC, John Depalma, and Nathan Raciborski to be joined as parties. However, by joining those parties, the Court would be deprived of subject-matter jurisdiction because there would not be complete diversity between the parties. Thus, the need for the action to be dismissed pursuant to R. 12(b)(7) and R. 19(b).

## D. CONCLUSION

Based on the foregoing, the Defendant requests this Court to dismiss this action. Necessary and indispensable parties must be joined to this action, but their joinder would deprive this Court of subject matter jurisdiction over the proceeding. Therefore, dismissal is proper.

If the Court should deny this motion, the Defendant requests fourteen (14) days from the entry, pursuant to R. 12(4), to serve their responsive pleading.

Respectfully submitted,

_____
W. Vincent Rakestraw (120410)
4930 Reed Road Ste. 200
Columbus, OH 43220
(614) 457-7700
Fax: (614) 457-7878
vrakestraw@aol.com
*Counsel for Defendant*
